RONALD L. REED AND DONNA J. REED, ET AL.,[1] PETITIONERS V. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 25736–81—25743–81, 11794–82—11801–82.    Filed January 30, 1984.

---

[1]Cases of the following petitioners are consolidated herewith: Bill F. Phillips and Thelma I. Phillips, docket No. 25737–81; Lester R. Perrin and Elaine W. Perrin, docket No. 25738–81; Thomas G. Napier and Grace M. Napier, docket No. 25739–81; Billy W. Hinds and Cora Y. Hinds, docket No. 25740–81; John T. Hill, Jr., and Betty L. Hill, docket No. 25741–81; Gary D. Bowe and Judith R. Bowe, docket No. 25742–81; James T. Spratlin and Phyllis J. Spratlin, docket No. 25743–81; Norman C. Johnson and Doris B. Johnson, docket No. 11794–82; John C. King and Elaine M. King, docket No. 11795–82; Gary A. Goff and Malissa S. Goff, docket No. 11796–82; Jimmie L. Beyer and Edna L. Beyer, docket No. 11797–82; Carroll F. Burcham and Nancy E. Burcham, docket No. 11798–82; Charles E. Cox and Sarah B. Cox, docket No. 11799–82; Ronald E. Dover and Charlotte W. Dover, docket No. 11800–82; and Hugh H. Rhodes and Norma R. Rhodes, docket No. 11801–82.

*Gary A. Ward,* for the petitioners.

*Ann Schulman Millerick* and *A. Shawn Noonan,* for the respondent.

## OPINION

CHABOT, *Judge:* Respondent determined deficiencies in Federal individual income tax against petitioners as follows:

| | Docket No. | Year | Deficiency |
|---|---|---|---|
| Ronald L. Reed | 25736–81 | 1977 | $351.00 |
| and Donna J. Reed | | 1978 | 604.00 |
| Bill F. Phillips | 25737–81 | 1977 | 232.00 |
| and Thelma I. Phillips | | 1978 | 124.00 |
| Lester R. Perrin | 25738–81 | 1977 | 613.00 |
| and Elaine W. Perrin | | 1978 | 518.00 |
| Thomas G. Napier | 25739–81 | 1977 | 329.00 |
| and Grace M. Napier | | 1978 | 305.00 |
| Billy W. Hinds | 25740–81 | 1977 | 947.00 |
| and Cora Y. Hinds | | 1978 | 1,031.66 |
| John T. Hill, Jr., | 25741–81 | 1978 | 1,210.94 |
| and Betty L. Hill | | | |
| Gary D. Bowe | 25742–81 | 1977 | 365.00 |
| and Judith R. Bowe | | 1978 | 507.34 |
| James T. Spratlin | 25743–81 | 1977 | 74.00 |
| and Phyllis J. Spratlin | | | |
| Norman C. Johnson | 11794–82 | 1977 | 896.00 |
| and Doris B. Johnson | | 1978 | 675.00 |
| John C. King | 11795–82 | 1977 | 290.00 |
| and Elaine M. King | | 1978 | 76.00 |
| Gary A. Goff | 11796–82 | 1978 | 329.00 |
| and Malissa S. Goff | | | |
| Jimmie L. Beyer | 11797–82 | 1978 | 548.00 |
| and Edna L. Beyer | | | |
| Carroll F. Burcham | 11798–82 | 1977 | 424.00 |
| and Nancy E. Burcham | | 1978 | 511.00 |
| Charles E. Cox | 11799–82 | 1977 | 777.00 |
| and Sarah B. Cox | | 1978 | 133.00 |

|  | Docket No. | Year | Deficiency |
|---|---|---|---|
| Ronald E. Dover | 11800–82 | 1977 | $279.00 |
| and Charlotte W. Dover |  | 1978 | 554.00 |
| Hugh H. Rhodes | 11801–82 | 1977 | 577.00 |
| and Norma R. Rhodes |  | 1978 | 442.00 |

These cases have been consolidated for trial, briefs, and opinion. After concessions by some of the petitioners, the issue for decision[2] is whether petitioners are permitted to exclude under section 107(2)[3] the fair rental values of their homes, even though these values exceed their actual out-of-pocket expenses.[4]

These cases have been submitted fully stipulated; the stipulations and the stipulated exhibits are incorporated herein by this reference.

When the petitions in the instant cases were filed, each of the petitioners resided in Lubbock, Tex.

During each of the years in issue in any case herein, the petitioner-husband in that case was a teacher at Lubbock Christian College (hereinafter sometimes referred to as the college) and also was a minister within the Church of Christ.

None of the petitioners was furnished a home by the college or any affiliated religious organization as part of the compensation of any of the petitioner-husbands for any of the years in issue. Each of the petitioner-husbands owned or rented his own home during each of the years in issue.

Each of the petitioner-husbands reported to the college the fair rental value of his home for each of the years is issue, and for each such year, the college designated a part of that petitioner-husband's compensation, in the amount of this fair rental value, as a housing allowance.

Table 1 shows, for each petitioner-husband as to each year in issue, the total compensation from the college, the fair rental value of the home, and the actual out-of-pocket expenses for the home.

---

[2]The medical expense adjustments in the notices of deficiency are derivative and depend on our resolution of the issue in dispute.

[3]Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the years in issue.

[4]The parties have stipulated to the term "expenses," and so we use this term in this opinion. We do not thereby mean to imply that capital expenditures fall outside the exclusion rule of sec. 107. See sec. 1.107–1(c): " * * * (2) for purchase of a home * * * ," Income Tax Regs.; *Marine v. Commissioner*, 47 T.C. 609 (1967).

Table 1

| Petitioner | Year | Total compensation | Fair rental value | Actual expenses |
|---|---|---|---|---|
| Reed | 1977 | $14,250.00 | $5,316.00 | $3,471.31 |
| | 1978 | 16,391.84 | 5,592.00 | 2,813.99 |
| Phillips | 1977 | 16,624.92 | 9,420.00 | 7,993.39 |
| | 1978 | 16,624.92 | 9,660.00 | 7,074.44 |
| Perrin | 1977 | 13,204.83 | 6,000.00 | 4,246.24 |
| | 1978 | 14,700.00 | 6,600.00 | 4,534.85 |
| Napier | 1977 | 18,049.80 | 7,878.00 | 5,464.99 |
| | 1978 | 18,049.80 | 9,349.47 | 6,279.06 |
| Hinds | 1977 | 14,915.36 | 9,342.36 | 4,569.99 |
| | 1978 | 16,494.16 | 11,093.40 | 6,031.84 |
| Hill | 1978 | 15,955.79 | 10,080.00 | 6,995.90 |
| Bowe | 1977 | 11,409.44 | 6,498.00 | 4,530.55 |
| | 1978 | 12,582.84 | 6,558.00 | 5,609.34 |
| Spratlin | 1977 | 13,482.79 | 6,000.00 | 4,659.22 |
| Johnson | 1977 | 13,878.82 | 8,280.00 | 3,915.00 |
| | 1978 | 12,964.91 | 9,492.00 | 3,978.00 |
| King | 1977 | 14,250.00 | 6,156.00 | 4,395.00 |
| | 1978 | 14,392.50 | 7,296.00 | 6,890.00 |
| Goff | 1978 | 14,915.40 | 7,800.00 | 6,046.00 |
| Beyer | 1978 | 14,960.29 | 8,976.00 | 6,003.00 |
| Burcham | 1977 | 12,129.32 | 5,040.00 | 2,723.00 |
| | 1978 | (not shown) | 5,839.00 | 3,470.00 |
| Cox | 1977 | 11,586.00 | 7,800.00 | 4,014.00 |
| | 1978 | 12,698.56 | 8,796.00 | 8,143.00 |
| Dover | 1977 | 11,804.96 | 7,800.00 | 6,230.00 |
| | 1978 | 11,895.04 | 9,000.00 | 6,130.00 |
| Rhodes | 1977 | 13,515.28 | 6,840.00 | 3,982.00 |
| | 1978 | 14,368.41 | 6,960.00 | 4,315.00 |

Respondent contends that each of the petitioner-husbands is to exclude only the lesser of (1) actual out-of-pocket expenses used to rent or provide a home or (2) the fair rental value of that home. Petitioners maintain that they are entitled to exclude the fair rental values.

We agree with respondent's conclusion that, in the instant cases, petitioners are to exclude only the out-of-pocket expenses.

In general, compensation for services is includable in gross income. Sec. 61(a)(1).[5] However, the Congress has provided that a minister of the gospel is to exclude a portion of his or her compensation if certain requirements are satisfied. Sec. 107.[6] Respondent concedes that all the necessary requirements for exclusion have been satisfied as to petitioners' out-of-pocket expenses.

The relevant statutory provision is section 107(2), which states that "the rental allowance paid to" the minister is to be excluded "to the extent used by him to rent or provide a home." The language of the statute requires a payment to the minister and a use of that payment.

Section 1.107–1(c), Income Tax Regs., provides that, for the allowance to be excludable, the use of the allowance to rent or provide a home must be in the taxable year in which the allowance is received. Petitioners do not ask us to invalidate the regulation on this point, and we see no basis for doing so in the instant cases. See, e.g., *Bingler v. Johnson*, 394 U.S. 741, 750 (1969); *Colbert v. Commissioner*, 61 T.C. 449, 454 (1974).

The statute and the regulation appear to require an expenditure (or conceivably some equivalent action which may constitute a use) of an amount received as compensation in the same year. Petitioners' concept of fair rental value is unrelated to expenditures or other uses of currently received compensation. We conclude that the statute and the regulation are inconsistent with an exclusion of the amount of fair rental value. Since respondent concedes that out-of-pocket expenses are excludable and petitioners' only claim for a greater amount is based on fair rental value, we conclude that petitioners are to exclude only their out-of-pocket expenses under section 107(2). See table 1 *supra*.

---

[5]SEC. 61. GROSS INCOME DEFINED.

(a) GENERAL DEFINITION.—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:

(1) Compensation for services, including fees, commissions, and similar items;

[6]SEC. 107. RENTAL VALUE OF PARSONAGES.

In the case of a minister of the gospel, gross income does not include—

(1) the rental value of a home furnished to him as part of his compensation; or

(2) the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home.

Petitioners point out that the predecessors of section 107(1) (relating to the furnishing of a parsonage) date back to 1921.[7] In adding paragraph (2) to section 107 during its work on the Internal Revenue Code of 1954, the tax-writing committees explained that the then-existing law "is unfair to those ministers who are not furnished a parsonage, but who receive larger salaries (which are taxable) to compensate them for expenses they incur in supplying their own home. [The new provision] has removed the discrimination in existing law by providing that the present exclusion is to apply to rental allowances paid to ministers to the extent used by them to rent or provide a home." H. Rept. 1337, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess. 15 (1954); S. Rept. 1622, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess. 16 (1954). Petitioners conclude that exclusion of fair rental value, rather than out-of-pocket expenses, under section 107(2) is necessary "in order to achieve the Congressional purpose of non-discrimination" between ministers who are given the use of parsonages and ministers who are given rental allowances.[8]

The trouble with petitioners' analysis is that the Congress, faced with the "rental value" language of section 107(1), did not choose to use such language in section 107(2). Instead, the Congress provided that the exclusion applies to "the rental allowance paid * * *, to the extent *used* by [the minister] to rent or provide a home." (Emphasis added.) Thus, the Congress clearly provided a different measure for the exclusion under section 107(2) than the measure provided under section 107(1). Petitioners have failed to show us a policy problem so overwhelming as to force us to conclude that the Congress could not have meant what it said. Cf. *United Telecommunications, Inc. v. Commissioner*, 65 T.C. 278 (1975), supplemental opinion 67 T.C. 760 (1977), affd. 589 F.2d 1383 (10th Cir. 1978). The Congress has enacted its judgment regarding the rental

---

[7]Sec. 213(b)(11) of the Revenue Act of 1921, 42 Stat. 227, 239 and subsequent acts; sec. 22(b)(8) of the Revenue Act of 1928, 45 Stat. 791, 798; sec. 22(b)(6) of the Revenue Act of 1932, 47 Stat. 169, 179 and subsequent acts; sec. 22(b)(6), I.R.C. 1939, 53 Stat. 1, 10.

[8]In the course of their argument that fair rental value is a more desirable measure of the exclusion under sec. 107(2), petitioners state that "the taxpayer can exclude the interest paid as part of his housing allowance while also deducting the interest on the loan as an itemized deduction under Code Section 163." This had been respondent's position, as set forth in Rev. Rul. 62–212, 1962–2 C.B. 41. By the time the instant cases had been submitted, respondent had reversed his position. Rev. Rul. 83–3, 1983–1 C.B. 72. This matter does not appear to have been decided by the courts. See, e.g., *Estate of Smead v. Commissioner*, 78 T.C. 43, 47 n. 5 (1982).

allowance; we must guard against the efforts of the parties to persuade us to diminish (*Tipps v. Commissioner*, 74 T.C. 458, 472 (1980)) or expand (*Zuanich v. Commissioner*, 77 T.C. 428, 451–452 (1981), on appeal (9th Cir., Nov. 13, 1981)) what the Congress has chosen to enact.

We hold, for respondent, that petitioners are not entitled to exclude from income amounts in excess of their out-of-pocket expenses.

---

Respondent contends that, if fair rental value of a home is less than out-of-pocket expenses, then the amount excludable under section 107 is not to exceed fair rental value. Petitioners contend that fair rental value is the proper measure of the exclusion, but that if the Court disagrees, then out-of-pocket expenses is the proper measure even when such expenses exceed such value. Both sides discuss *Marine v. Commissioner*, 47 T.C. 609 (1969), in connection with this issue. As may be seen from table 1 *supra*, none of the years in issue presents the factual situation in which it makes a difference as to how we resolve this dispute between the parties. Petitioners assert that there are other docketed cases that involve this issue; however, none of the instant consolidated cases involves this issue.

We decline the parties' invitation to offer an advisory opinion on this matter. Also, our opinion, which deals with those of the parties' disputes that appear to be relevant to the decisions in these consolidated cases, should not be taken as implying a view on the question, logically related to our decisions in the instant cases, as to the constitutionality of section 107 in general (see Taft, "Tax Benefits for the Clergy: The Unconstitutionality of Section 107", 62 Geo. L. J. (1974)) or of paragraph (2) thereof in particular (see O'Neill, "A Constitutional Challenge to Section 107 of the Internal Revenue Code", 57 Notre Dame Law. 853 (1982)). See *Boyer v. Commissioner*, 69 T.C. 521, 534 (1977). See generally *Golden Rule Church Association v. Commissioner*, 41 T.C. 719, 731 (1964).

*Decisions will be entered for the respondent.*