**Gordon T. O'BRIEN and Derelyse O'Brien, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 83–1253.

United States Court of Appeals, Tenth Circuit.

Aug. 29, 1985.

---

Kevin O. O'Brien, Denver, Colo., for petitioners-appellants.

Lisa A. Prager, Atty. (Michael L. Paup, Atty., and Glenn L. Archer, Jr., Asst. Atty. Gen., with her on brief), Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before McKAY, SETH and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

The issue in this case is whether both a new jobs credit and an investment credit may be claimed in full for the same expenditure.

In 1977 appellants constructed a fence. They claimed a new jobs credit under section 44B * on $3,050, the amount paid in wages for labor relating to the construction of the new fence. Appellants also claimed an investment tax credit under section 38 on that same $3,050. In the tax court, appellee argued that the allowance of both a new jobs credit and an investment credit for the full cost of the fence would provide petitioners with a double credit for the same expenditure. Appellants argued that such a double credit was allowed by Treas. Reg. § 1.46–3(c)(1) which provides as follows:

> The basis of any new section 38 property shall be determined with the general rules for determining the basis of property. Thus, the basis of property would generally be its cost (see section 1012), unreduced by the adjustment to basis provided by section 48(g)(1) with respect to property placed in service for January 1, 1964, and any other adjustment to basis, such as that for depreciation, and would include all items properly included by the taxpayer in the depreciable basis of the property, such as installation and freight costs.

The tax court acknowledged that appellants are "correct in their argument that under the literal language of the regulation basis [for section 38 property] includes the full amount of wages paid," *O'Brien v.*

*Commissioner of Internal Revenue*, 79 T.C. 776 (1982), but nevertheless found that under the circumstances at issue the section 38 basis must be adjusted to eliminate the double credit. In reaching this conclusion, the tax court relied on the rule that the Internal Revenue Code should not, in the absence of a specific declaration of congressional intent, be interpreted to allow double deductions, *United States v. Skelley Oil Co.*, 394 U.S. 678, 684, 89 S.Ct. 1379, 1383, 22 L.Ed.2d 642 (1969); *Charles Ilfeld Co. v. Hernandez*, 292 U.S. 62, 68, 54 S.Ct. 596, 598, 78 L.Ed.2d 1127 (1934), or double credits. *United Telecommunications, Inc. v. Commissioner*, 589 F.2d 1383, 1387–88 (10th Cir.1978), *affg.* 65 T.C. 278 (1975), Supplemental Opinion, 67 T.C. 760 (1977), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2839, 61 L.Ed.2d 284 (1979).

The tax court adopted the appellee's proferred method for computing the two credits, reducing the basis used in computing the investment credit on the fence by the amount of new jobs credit taken with respect to wages for construction of the fence. The tax court noted that "the double credit claimed in this case could be eliminated just as easily by reducing the amount of wages qualifying for the new jobs credit by the amount of investment credit taken with respect to the wage expense," *O'Brien*, Slip Op. at 23, n. 15, but opted for the former method of calculation on the ground that appellants had conceded to this method if both credits were not allowed in full.

We agree with the tax court, for the reasons cited in its opinion, that a double credit should not here be allowed. To disregard the plain language of section 1.46–3(c)(1), however, is both unfair and unnecessary regardless of whatever concession appellant may have made as to method of calculation. Section 1.46–3(c)(1) can be fully complied with at the same time that a double credit is disallowed by first computing the investment credit on the unadjusted

---

* All section references are to the Internal Revenue Code of 1954 as amended and in effect for 1977.

basis of the section 38 property and then reducing the basis for determining the new jobs credit by the amount of investment credit taken with respect to the wage expense.

The case is remanded for computation of appellant's tax consistent with the mandate of this opinion.