PRISCILLA THORNTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thornton v. Commissioner
Docket No. 5180-88
United States Tax Court
T.C. Memo 1989-388; 1989 Tax Ct. Memo LEXIS 387; 57 T.C.M. (CCH) 1119; T.C.M. (RIA) 89388; July 31, 1989
J. Lincoln Woodard, for the petitioner. Susan Mosely and Richard *388 Delmar, for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: Respondent determined deficiencies in petitioner's Federal income taxes as follows: Additions
Sec.
Sec.
Sec.
Sec.
6653(a)(1),
6653(a)(1)(A),
6653(a)(2),
6653(a)(1)(B),
Year
Deficiency
I.R.C. 1954
I.R.C. 1954
I.R.C. 1954
I.R.C. 1954
1984
$   429
$ 21
--
*
--
1985
$   978
$ 49
--
*
--
1986
$ 1,048
--
$ 52
--
*
The issues for decision are (1) whether petitioner, a member of the Jehovah's Witness faith, is entitled to deduct certain expenses and claim an investment credit relating to her activity as a Jehovah's Witness (2) whether petitioner is liable for an addition to tax for negligence under sections 6653(a)(1) [1] and (2). Some of the facts have been stipulated and are so found. Petitioner lived in Washington, D.C., when she filed her petition in *389 this case. Petitioner was appointed to the position of minister by the Watchtower Bible and Tract Society of New York, Inc., which is the headquarters of Jehovah's Witness. According to petitioner, there are approximately 700,000 member/ministers of the Jehovah's Witness faith in the United States. All members of Jehovah's Witness become ministers if they have been baptized for 6 months and are exemplary Christians. Becoming a pioneer is a further advancement within the structure of the Jehovah's Witness faith. Petitioner is a pioneer of Jehovah's Witness. Being a minister or pioneer does not entitle a person to perform sacerdotal functions. Such powers are limited to the Elders. During the years in issue, petitioner traveled door-to-door to preach the gospel of the Jehovah's Witness faith. She also drove her automobile to Florida to attend a convention of Jehovah's Witnesses. Petitioner received no compensation for her work as a Jehovah's Witness, nor did petitioner expect to receive any remuneration or allowance for her work as a Jehovah's Witness. No lodging was furnished to petitioner. During the years in issue, petitioner worked part-time, approximately 24 hours *390 per week, as a computer assistant for the Federal Bureau of Investigation (FBI). Petitioner received wages from the FBI in each of the years at issue. Petitioner purchased an automobile in 1985. She used the automobile for personal purposes and for her activities as a Jehovah's Witness. On her Federal income tax returns, petitioner reported wages earned from the FBI. On the face page of the Form 1040, petitioner listed her occupation as a minister and attached a Form Schedule C for each of the years reflecting her business activity as a minister. On each of the Form Schedule C's, petitioner listed no gross income; however, expenses were claimed as follows: 1984
1985
1986
Car and truck
$    --
$ 1,133
$    --
Depreciation
--
1,423
2,087
Insurance
225
352
277
Other interest
97
675
499
Rent on bus. prop.
1,616
1,500
1,500
Travel and enter.
--
302
228
Utilities
207
62
--
Charity
623
231
251
DMV
57
35
50
AAA
66
51
53
Gifts
--
267
297
Mileage expenses
--
--
1,872
Total expenses claimed
$ 2,891
$ 6,031
$ 7,114
Petitioner also claimed an investment credit on her 1985 return. The investment credit *391 relates to the purchase of an automobile with a cost basis of $ 10,540. All the deductions and the investment credit relate to petitioner's activity as a member/minister of the Jehovah's Witness faith. Respondent disallowed the claimed deductions and also disallowed the claimed investment credit. Respondent determined that petitioner was not in the trade or business of being a minister. Respondent also determined that petitioner failed to substantiate the claimed expenses and investment credit. Petitioner, through her counsel, appears to argue that she is entitled to deduct the claimed expenses under section 107. Petitioner further cites the regulations under section 1402(c)(4) relating to self-employment taxes. Section 162 provides for a deduction for expenses incurred in a trade or business or expenses incurred for the production of income. This section requires that a taxpayer harbor an actual and honest objective of making a profit. Leamy v. Commissioner, 85 T.C. 798, 807 (1985); Dreicer v. Commissioner, 78 T.C. 642, 646 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). Petitioner was not in the trade or business *392 of being a minister of the Jehovah's Witness faith. She received no compensation and had no objective of receiving compensation. On the Form Schedule C, petitioner also claimed deductions for "charity" and "gifts." Counsel for petitioner did not argue that petitioner is entitled to a deduction for charitable contributions or gifts under section 170. [2] Likewise, petitioner is not entitled to an investment credit since the automobile acquired in 1985 was not used in a trade or business. [3]
Counsel for petitioner's reference to section 107 is misplaced. That section provides for an exclusion for the rental value of a home or a rental allowance to a minister of the gospel under certain specified conditions. Petitioner neither received housing nor a housing allowance *393 from Jehovah's Witness. Thus, petitioner has not received any gross income from her faith subject to the exclusion of section 107. See Reed v. Commissioner, 82 T.C. 208, 212 (1984); Marine v. Commissioner, 47 T.C. 609 (1967). Likewise, counsel for petitioner's reference to section 1402(c)(4) and the regulations thereunder is also misplaced. That section and the regulations relate to exemption from self-employment tax under certain conditions. As previously indicated, petitioner received no income from her work as a member of the Jehovah's Witness faith and thus there is no self-employment tax issue. With respect to the determination that the underpayment of tax was due to negligence within the meaning of section 6653(a)(1) and (2), petitioner has not satisfied her burden of proof that no portion of the underpayment was attributable to negligence or intentional disregard of rules and regulations. In this regard, petitioner contends that she relied upon the advice of her tax advisor in claiming these deductions. However, such reliance does not necessarily insulate a taxpayer from imposition of the addition to tax for negligence. Perrett v. Commissioner, 74 T.C. 111, 134 (1980), *394 affd. by unpublished opinion 679 F.2d 900 (9th Cir. 1982). Petitioner should have realized that she was not entitled to claim such deductions. Accordingly, we find that petitioner is not excused from the imposition of the additions under section 6653(a)(1) and (2) (section 6653(a)(1)(A) and (B) for 1986). Immediately after counsel for petitioner made his opening argument in this case, the Court expressed concern and doubt as to petitioner's position. The Court attempted to explain to counsel for petitioner the distinction between a claimed deduction which was the issue in this case and income that might be excluded. It is noted that this is not the first time counsel for petitioner has raised this argument. Counsel for petitioner is herein advised of the provisions of Rule 33(b) which require that pleadings be well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that they not be interposed for any improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. See Versteeg v. Commissioner, 91 T.C. 339 (1988). *395 Decision will be entered for the respondent. Footnotes
*. 50% of the interest due on the deficiency.↩
1. All section references are to the Internal Revenue Code as in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Under section 170A-1(g), Income Tax Regs.↩, unreimbursed expenditures made incident to the rendition of services to an organization described in section 170(c) may constitute a deductible contribution. Such expenses must, of course, be substantiated. The record does not establish that petitioner is entitled to any deduction under section 170. 3. Beeton v. Commissioner, T.C. Memo. 1987-472↩.