PETER H. JACOBS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jacobs v. Commissioner
Docket No. 22542-91
United States Tax Court
T.C. Memo 1993-570; 1993 Tax Ct. Memo LEXIS 581; 66 T.C.M. (CCH) 1470; 17 Employee Benefits Cas. (BNA) 2225; December 2, 1993, Filed Decision will be entered for respondent as to the deficiencies and addition to tax under section 6661, and for petitioner as to the remaining additions to tax. P worked exclusively for B corporation, L corporation, and another related corporation. P was the president, director, and sole shareholder of B and L. P received compensation from B and L and deducted amounts for Keogh contributions. Held: P was an employee of B and L, not an independent contractor, so he could not make deductible Keogh contributions. For petitioner: Anthony Pisano and Richard G. Della Ratta. For respondent: John B. McBride. LARO
LARO
MEMORANDUM FINDINGS OF FACT AND OPINION LARO, Judge: Respondent determined deficiencies in and additions to Peter H. Jacobs' (petitioner's) Federal income tax as follows: Additions to Tax
Sec.
Sec.
Year
Deficiency
6653(a)(1)
6653(a)(1)(A)
1985
$ 8,935
$ 447
--
1986
27,341
--
$ 1,367
Additions to Tax
Sec.
Sec.
Sec.
Year
6653(a)(2)
6653(a)(1)(B)
6661
1985
[1]
--
$ 2,234
1986
--
[1]
--
This case is before the Court pursuant to a petition filed by petitioner for redetermination of respondent's determinations reflected in *582 her notice of deficiency. The parties have settled many of the issues in this case. [1] The sole remaining issue for decision is whether certain payments petitioner received were wages or self-employment income. FINDINGS OF FACT
Pursuant to Rule 122(a), [2] the parties submitted this case to the Court without trial, on the basis of pleadings and the facts recited in a joint stipulation with accompanying exhibits. [3] The facts in the joint stipulation and exhibits attached thereto are incorporated herein by this reference. Petitioner resided in Schenectady, New York, at the time he filed his petition. During *583 the years in issue, petitioner owned 100 percent of the stock of 119 Lakehill Road, Inc. (Lakehill), and 591 Broadway, Inc. (Broadway). Lakehill operated a gasoline service station in Burnt Hills, New York, and Broadway operated a gasoline service station in Schenectady, New York. Petitioner was the president and sole director of Broadway and Lakehill (the Corporations) from 1982 through the years at issue. During the years in issue, petitioner worked exclusively for the Corporations and another corporation [4] *585 12 to 15 hours a day, 7 days a week without a vacation. Neither the bylaws of Broadway nor those of Lakehill describe any duties for the members of the board of directors. Their bylaws generally provide that the president shall manage the business of the corporation and shall see that all orders and resolutions of the board are effectuated. Petitioner's actual daily duties for the Corporations consisted of the following: [5] Determining price policies; determining load pickups and distribution; meeting with and supervising employees; supervising checkouts at various locations; inspecting bulk plant facilities at Broadway, determining needs or replacement of equipment, and determining *584 future capital improvements to facilities; inventory control; and checking the financial status of the day's activities. During the years in issue, petitioner also spent time on environmental issues, plans for proposed bulk storage tank construction and replacement, and selection of attorneys and accountants for financial decisions relating to expansion of the stations and replacement of tanks. The bylaws of the Corporations each authorized payment of compensation to their directors. At the annual meeting of each of the years in issue, petitioner, in his capacity as chairman of each of the Corporations, authorized each corporation to pay him a salary for his services as director. At each annual meeting, the sole order of business was setting petitioner's salary. No other board meetings were held during the years in issue. Petitioner received compensation from the Corporations in the following amounts for each of the years in issue: 1985
Corporation
Compensation
Lakehill
$ 15,000
Broadway
25,000
1986
Corporation
Compensation
Lakehill
$ 16,500
Broadway
33,500
Petitioner reported $ 25,000 in 1985 and $ 50,000 in 1986 on Schedule C as income from "consulting" and paid self-employment tax on such income. Petitioner reported the $ 15,000 he received from Lakehill in 1985 on an amended return for 1985 as payment received "for outside services". Petitioner took deductions from his gross income for Keogh *586 contributions in the amount of $ 3,000 in 1985 and $ 10,000 in 1986. Respondent disallowed these deductions, asserting that petitioner was not a self-employed "consultant" entitled to make Keogh contributions, but rather an employee of the Corporations. OPINION The sole issue in this case is whether petitioner was paid by the Corporations in an "employee" capacity or as an independent contractor. If petitioner was an employee of the Corporations, he was not eligible to make deductible Keogh contributions. See secs. 401(c)(1), 404(a)(8)(C), 1402(a), (c). Petitioner was a director, officer, and shareholder of each of the Corporations. The term "employee" includes "any officer of a corporation" except an officer who, as such, performs only minor services for the corporation and neither receives nor is entitled to receive any remuneration. Sec. 3121(d); sec. 31.3121(d)-1(b), Employment Tax Regs. Petitioner's services to the Corporations were both substantial and remunerated. However, it is a factual question whether an officer of a corporation who performs services for a corporation does so in his capacity as such, or as an independent contractor. Rev. Rul. 82-83, 1982-1 C.B. 151, 152. *587 Petitioner argues that although he was an officer of the Corporations during the years at issue, and performed services for them, the services he provided to the Corporations were in his capacity as director of each corporation. A director of a corporation, in his capacity as such, is not an employee of the corporation. Sec. 31.3121(d)-1(b), Employment Tax Regs.
Whether a director of a corporation is also an employee depends primarily on whether the director performs services for the corporation that "are not directorial in nature" and on whether those services are performed in an employee capacity. Rev. Rul. 57-246, 1957-1 C.B. 338, 340. Petitioner's burden of proof, see Rule 142(a), is particularly heavy in the instant case because salary arrangements between closely held corporations and their shareholders warrant close scrutiny, Spicer Accounting, Inc. v. United States, 918 F.2d 90, 92 (9th Cir. 1990). The business of a corporation is managed under the direction of the board of directors. N.Y. Bus. Corp. Law sec. 701 (West 1986). The directors select the officers and establish the officers' salaries. Lattin, Law of Corporations 215 (1959). The president generally has the authority *588 of a general manager. Id. at 229-230. The bylaws of each of the Corporations did not assign any duties to the board of directors but provided the president with the responsibility of managing that corporation. Generally, a director is compensated for attending board meetings and sitting on committees. See, e.g., Rev. Rul. 68-595, 1968-2 C.B. 378, 379; Rev. Rul. 57-246, 1957-1 C.B. at 340. Fundamental decisions regarding the operation of a corporation are customarily made by officers and other employees of the corporation. Rev. Rul. 82-83, 1982-1 C.B. at 152. Petitioner's services to the Corporations were in the nature of day-to-day management duties: Among other things, he determined price policies; supervised employees; determined needs for or replacement of equipment; determined future capital improvements to facilities; and engaged in inventory control. We do not accept petitioner's characterization that the $ 15,000 - $ 33,500 he received from each corporation each year was a fee for attendance at an annual meeting, the sole order of business of which was to set his own salary. The Corporations' businesses required management to carry out their activities; the record does *589 not show who, if anyone, carried on the functions of business if not petitioner.[6] Cf. Spicer Accounting, Inc. v. United States, supra at 91, 95 (there was no reasonable basis for taxpayer corporation not to treat worker as employee where worker coowned corporation with his wife and was president, treasurer, director, and central worker; "a corporation's sole full-time worker must be treated as an employee"). Based on all the facts and circumstances of the instant case, we find that petitioner's services for the Corporations were performed in his capacity as president and employee of the Corporations, rather than in his capacity as director of the Corporations. [7]
Although petitioner, in his capacity as chairman of each of the Corporations, authorized them to pay *590 a salary for his services in his capacity as director, rather than in his capacity as president, petitioner's characterization of his compensation is irrelevant. Cf. id. at 92-93 (although taxpayer treated payments to its central worker as dividends, in reality they were wages; courts look at the substance, not the form of the transaction.) If an employer-employee relationship exists, its characterization by the parties as some other relationship such as independent contractor is of no consequence. Sec. 31.3121(d)-1(a)(3), Employment Tax Regs. Similarly, petitioner's characterization of his income on his return is irrelevant. See O'Brien v. Commissioner, 79 T.C. 776, 782 n.5 (1982), affd. in part and remanded in part 771 F.2d 476 (10th Cir. 1985); sec. 31.3121(d)-1(a)(3), Employment Tax Regs.; see also Butts v. Commissioner, T.C. Memo. 1993-478. Thus, petitioner, an officer of the Corporations who performed substantial services for the Corporations in his capacity as such, was an employee of the Corporations. [8] *591 We also find that petitioner was an employee of the Corporations under the common law definition; the term "employee" for our purposes includes "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee". Sec. 3121(d); sec. 31.3121(d)-1(c), Employment Tax Regs. Doubtful cases are decided on their particular facts. Sec. 31.3121(d)-1(c), Employment Tax Regs. There are at least 20 factors that may be considered in making this determination, see Rev. Rul. 87-41, 1987-1 C.B. 296, but no one factor is controlling, Simpson v. Commissioner, 64 T.C. 974, 983 (1975). Many of the factors address to what extent the recipient of the services controls or has the right to control the worker. See Rev. Rul. 87-41, supra. In general, an individual who is an employee is subject to the will and control of the employer, not only as to what is to be done, but how it is to be done. Sec. 31.3121(d)-1(c), Employment Tax Regs. However, the "control" test is not very relevant in the instant *592 case since the worker, petitioner, controls the recipient of his services, the Corporations, in his capacities as president and sole shareholder. Cf. Rev. Rul. 71-86, 1971-1 C.B. 285 (where an individual who is president and sole shareholder of a corporation performs substantial services for the corporation as an officer of that corporation, he is an employee of that corporation although all of his services and the remuneration for such services are under his own control). Various other factors should also be considered in determining whether an individual is an "employee" or an independent contractor, but no single consideration governs. Avis Rent A Car System, Inc. v. United States, 503 F.2d 423, 429, 430 (2d Cir. 1974). Some factors indicating that the individual is an employee are that: (1) The relationship between the worker and the person receiving services is permanent, id. at 429; (2) the worker works in the course of the recipient's business, rather than in an ancillary capacity, id.; (3) the worker is paid by the hour, week, or month, rather than an agreed lump sum, Rev. Rul. 87-41, supra; (4) the worker's business and travelling expenses were paid by the recipient of the *593 services, id.; and (5) the worker has a right to terminate employment, id. Some factors indicating that the individual is an independent contractor are that: (1) The worker has a substantial investment in his own tools or equipment, Avis Rent A Car System, Inc. v. United States, supra at 429; (2) the worker undertakes a substantial cost, such as by employing and paying his own laborers, id.; (3) the worker has an opportunity to profit depending on his own skill, id.; (4) the service the worker provides requires a special skill, id.; (5) the worker works for more than one unrelated firm at a time, Rev. Rul. 87-41, supra; and (6) the worker makes his services available to the general public, id.
Based on these factors, and all of the facts and circumstances of the instant case, we find that petitioner was an employee of the Corporations, not an independent contractor. He had a permanent relationship with the Corporations; he provided services to them in the ordinary course of their businesses; he did not provide services to unrelated corporations or offer his services to the general public; and there is no evidence that he had a substantial investment in his own tools or equipment or *594 had undertaken a substantial cost. Furthermore, there is no evidence that the services petitioner provided required a special skill, or that he received a lump-sum payment for his services rather than periodic payments. As an employee of the Corporations, petitioner was not eligible to make deductible Keogh contributions. We have considered his other arguments and find them to be without merit. Respondent also determined that petitioner is liable for additions to tax for substantial understatements under section 6661. The amount of the section 6661 addition to tax for additions assessed after October 21, 1986, equals 25 percent of the amount attributable to the substantial understatement. Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002, 100 Stat. 1951; Pallottini v. Commissioner, 90 T.C. 498, 500-503 (1988). An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). An understatement is reduced to the extent it is: (1) Based on substantial authority, or (2) adequately disclosed in the return or in a statement attached to the return. Sec. 6661(b)(2). Respondent's *595 determination of additions to tax for substantial understatements under section 6661 is presumed to be correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Sandvall v. Commissioner, 898 F.2d 455, 459 (5th Cir. 1990), affg. T.C. Memo. 1989-56. As petitioner presented no evidence on this issue, we sustain respondent's determination for each year in which the Rule 155 computation reflects a substantial understatement within the meaning of section 6661. To reflect the foregoing, Decision will be entered for respondent as to the deficiencies and addition to tax under section 6661, and for petitioner as to the remaining additions to tax.
Footnotes
1. This amount is 50 percent of the interest on the deficiency.↩
1. The parties filed a Stipulation of Settled Issues with the Court on June 8, 1993.↩
2. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.↩
3. The Court granted respondent's motion to consolidate the instant case with docket Nos. 22543-91, 22545-91, and 22560-91 on Apr. 29, 1992, for trial, briefing, and opinion. The Court entered stipulated decisions in those three cases on June 8, 1993. On June 17, 1993, the Court ordered the consolidation severed.↩
4. During the years in issue, petitioner also worked for Transport Oil Co., Inc. (Transport), a wholesale gasoline and heating oil distributor. From 1982 through the years at issue, petitioner was the president and sole director of Transport. During the years in issue, petitioner and his parents each owned one-third of the stock of Transport. Transport paid petitioner a salary in the amount of $ 39,041 in 1985 and in the amount of $ 28,509 in 1986 which petitioner reported as wages rather than characterizing it as self-employment income. From 1982 through the years in issue, petitioner was the president and sole director of 1747 Union Street, Inc. (Union), as well. Union operated a gasoline service station in Schenectady, New York; petitioner owned 100 percent of its stock during the years in issue. Petitioner received no compensation from Union. The record is unclear as to what services, if any, petitioner performed for Union.
5. Petitioner performed similar duties for Transport.↩
6. We note that petitioner was an employee of both 591 Broadway, Inc., and 119 Lakehill Road, Inc.; it is not unusual for an individual to be an employee of more than one corporation.↩
7. Shamburger v. Commissioner, 61 T.C. 85, 91↩ (1973), reached a similar result. In that case, the taxpayer was a director of a corporation and as such was not an employee, but he also rendered services to the corporation in an employee capacity.
8. Rev. Rul. 73-361, 1973-2 C.B. 331, 331 is analogous. The ruling holds that a stockholder-officer who performed substantial services in his capacity as an officer was an employee; an election by the corporation as to how it would be taxed and consent thereto by its stockholder-officers was irrelevant.