114 T.C. No. 4


UNITED STATES TAX COURT


S/V DRILLING PARTNERS,
SNYDER ARMCLAR GAS COMPANY, TAX MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14163-98.                  Filed February 23, 2000.


        Sec. 29, I.R.C., provides a credit for fuel
produced from nonconventional sources, including gas
produced from geopressurized brine, Devonian shale,
coal seams, or a tight formation.

        In 1993 and 1994, S/V, a partnership, sold 32,410
barrels of oil equivalent (BOE's) of natural gas
produced from nonconventional sources described under
sec. 29, I.R.C.  S/V sold 15,483 BOE's of gas produced
from a tight formation that was not Devonian shale and
16,927 BOE's of gas produced from both a tight
formation and Devonian shale.

        Held:  S/V is allowed a credit for 32,410 BOE's of
natural gas.  The credit rate is (1) 15,483 times $3,
and (2) 16,927 times $3 indexed as provided in the
first sentence of sec. 29(b)(2), I.R.C.

Dom W. Greco, for petitioner.

Michael A. Yost, Jr. and Edward F. Peduzzi, Jr., for respondent.

OPINION

COLVIN, Judge:  On August 3, 1998, respondent issued two notices of final partnership administrative adjustment to S/V Drilling Partners (S/V), a partnership, in which respondent determined adjustments to S/V's partnership returns for the tax years ending December 31, 1993 and 1994.  On August 18, 1998, Snyder Armclar Gas Co. (Snyder), S/V's tax matters partner, petitioned the Court to redetermine respondent's adjustments to partnership items.

In 1993 and 1994, S/V sold 32,410 barrels of oil equivalent (BOE's)[1] of natural gas produced from nonconventional sources, consisting of 15,483 BOE's of gas produced from a tight formation that was not Devonian shale and 16,927 BOE's of gas produced from both a tight formation and Devonian shale.

The issue for decision is the amount of S/V's section 29 credit.  We hold that S/V is allowed a section 29 credit equal to (1) 15,483 times $3, and (2) 16,927 times $3 indexed as provided in the first sentence of section 29(b)(2).

---

[1]  A barrel of oil contains about 5.8 million British thermal units (Btu's).

Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The parties submitted this case fully stipulated under Rule 122. S/V's principal place of business was Kittanning, Pennsylvania, when the petition was filed.

A.  S/V's Natural Gas Production From a Tight Formation and Devonian Shale

In 1992, S/V, a partnership composed of Snyder and Victory Energy Corp. (Victory), drilled eight natural gas wells in Armstrong and Indiana Counties, Pennsylvania. In December of that year, Victory filed with the Pennsylvania Department of Environmental Resources (DER) two classification requests for each well, seeking determinations that these wells produced natural gas from Devonian shale and from a tight formation. The requests were made under section 503 of the Natural Gas Policy Act of 1978 (NGPA), Pub. L. 95-621, 92 Stat. 3350, 15 U.S.C. sec. 3413 (1988) (repealed January 1, 1993, by the Natural Gas Wellhead Decontrol Act of 1989, Pub. L. 101-60, sec. 3(b)(5), 103 Stat. 157, 159). DER approved Victory's requests and determined that the wells were producing natural gas from rock formations that qualified as both Devonian shale and a tight formation. The Federal Energy Regulatory Commission (FERC) approved DER's determinations.

In 1993 and 1994, S/V sold 32,410 BOE's of natural gas produced from the wells to public utilities. During these years, 15,483 BOE's of natural gas sold by S/V were produced from a tight formation that was not Devonian shale, and 16,927 BOE's were produced from a tight formation that was also Devonian shale.

BOE's of Natural Gas Produced by S/V From Nonconventional Sources
(rounded to the nearest BOE)

| Year | Total | Produced from a tight formation but not Devonian shale | Produced from a tight formation and Devonian shale |
|------|-------|---------------------------------------------------------|-----------------------------------------------------|
| 1993 | 15,137 | 7,343 | 7,794 |
| 1994 | 17,273 | 8,140 | 9,133 |
| Total | 32,410 | 15,483 | 16,927 |

B.   S/V's Tax Returns

On its 1993 and 1994 partnership returns, S/V claimed a credit under section 29 for 15,483 BOE's of natural gas it produced from a tight formation that was not Devonian shale and a double credit (one equal to $3 per BOE, and one equal to $3 (indexed) per BOE) for the 16,927 BOE's produced from a tight formation that was also Devonian shale. On its 1994 tax return, S/V based its computation of the Devonian shale credit on the 1995 inflation adjustment factor.

## Discussion

Petitioner contends that S/V is entitled to a credit under

section 29[2] for the 15,483 BOE's of natural gas it produced from

[2]  SEC. 29.  CREDIT FOR PRODUCING FUEL FROM A
NONCONVENTIONAL SOURCE.

(a) Allowance of credit.

    There shall be allowed as a credit against the tax
imposed by this chapter for the taxable year an amount
equal to--

    (1) $3, multiplied by

    (2) the barrel-of-oil equivalent of qualified
fuels--

      (A) sold by the taxpayer to an unrelated person
during the taxable year, and

      (B) the production of which is attributable to
the taxpayer.

(b) Limitations and adjustments.

    *    *    *    *    *    *    *

    (2) Credit and phaseout adjustment based on
inflation.--The $3 amount in subsection (a) and the
$23.50 and $6 amounts in paragraph (1) shall each be
adjusted by multiplying such amount by the inflation
adjustment factor for the calendar year in which the
sale occurs.  In the case of gas from a tight
formation, the $3 amount in subsection (a) shall not be
adjusted.

    *    *    *    *    *    *    *

(c) Definition of qualified fuels.--For purposes of
this section--

    (1) In general.  The term "qualified fuels" means--

(continued...)

a tight formation that was not Devonian shale and a double credit for the 16,927 BOE's it produced from a tight formation that was also Devonian shale. Thus, petitioner, in effect, contends that S/V produced 49,337 BOE's (i.e., 15,483 plus (2 X 16,927)) of gas qualifying for the credit under section 29.

Respondent contends that S/V is entitled to a credit for only 16,927 BOE's of gas. Respondent contends that S/V is entitled only to the larger of:

1. A $3 per barrel credit for the 32,410 BOE's of natural gas S/V produced, or

2. A credit for the 16,927 BOE's of natural gas S/V

---

[2](...continued)
        (A) oil produced from shale and tar sands,

        (B) gas produced from--

            (i) geopressured brine, Devonian shale, coal
        seams, or a tight formation, or

            (ii) biomass, and

        (C) liquid, gaseous, or solid synthetic fuels
    produced from coal (including lignite), including such
    fuels when used as feedstocks.

            *    *    *    *    *    *    *

(d) Other definitions and special rules.

            *    *    *    *    *    *    *

        (5) Barrel-of-oil equivalent.--The term "barrel-
    of-oil equivalent" with respect to any fuel means that
    amount of such fuel which has a Btu content of 5.8
    million * * *.

produced from property qualifying both as a tight formation and Devonian shale, at a rate of $3, indexed as provided in the first sentence of section 29(b)(2).

Since the latter amount is larger than the former, respondent's position, in effect, is that S/V is entitled to a credit based on only 16,927 BOE's.

We agree and disagree in part with both parties.

A.  Credit for the 15,483 BOE's of Natural Gas S/V Produced From a Tight Formation That Was Not Devonian Shale

S/V produced 15,483 BOE's of natural gas from a tight formation which was not Devonian shale.  Section 29(b)(2) (second sentence) provides that the $3 credit is not indexed for natural gas produced from a tight formation.  Thus, S/V is entitled to a credit of $3 per BOE on the 15,483 BOE's of natural gas it produced from a tight formation that was not Devonian shale.

B.  Credit for the 16,927 BOE's of Natural Gas S/V Produced From Both a Tight Formation and Devonian Shale

1.  Section 29

S/V produced 16,927 BOE's of fuel from a tight formation that was also Devonian shale.  Section 29(a) limits the credit for producing fuel from a nonconventional source to a fixed dollar amount per BOE.  Section 29(d)(5) defines a BOE of fuel as fuel with Btu content of 5.8 million.

The Senate committee report accompanying enactment of section 29 also clearly limits the credit to $3 per barrel of oil

equivalent (before any indexing for inflation). That report

states in pertinent part that the credit:

> would be equal to $3 for the production of an amount of
> energy equivalent to that contained in a barrel of
> crude oil, and all energy equivalent measurements would
> be made on the basis of Btu content. Therefore, a $3
> credit would be allowed for the production of 5.8
> million Btu's of energy.

> \* \* \* \* \* \* \*

> The credit would be $3 for the production of 5.8
> million Btu's * * * .

S. Rept. 96-394, at 87, 89 (1979), 1980-3 C.B. 131, 205, 207.

Similarly, the conference report states in pertinent part

that the "credit is $3 for the production of each unit of 5.8

million Btus of energy, the equivalent of one barrel of oil". H.

Conf. Rept. 96-817, at 140 (1980), 1980-3 C.B. 245, 300.

The Senate bill also provided a formula to determine the

entitlement to the credit for taxpayers with a fractional

interest in the property:

> Production from a property shall be attributed to the
> taxpayer for the taxable year in an amount which bears
> the same ratio to the total sales during such year of
> qualified fuels from such property as the amount of the
> taxpayer's gross income from such property for such
> year from such sales bears to the aggregate gross
> income from such property for such year from such
> sales. [Crude Oil Windfall Profit Tax Act of 1979,
> H.R. 3919, sec. 251, 96th Cong., proposing new I.R.C.
> sec. 44D(3)(3)(A).]

Thus, the committee reports, as well as section 29, show

that Congress intended the credit to be based on the barrel of

oil equivalent of fuels produced.

2. Petitioner's Argument

Petitioner contends that, under a literal reading of section 29, S/V is entitled to a double credit for the 16,927 BOE's of natural gas it produced from a tight formation and from Devonian shale. Petitioner acknowledges that the legislative history indicates that section 29 provides a fixed credit amount (initially $3) per 5.8 million Btu's of energy produced, but contends that section 29, as enacted, does not. Petitioner contends that neither section 29 nor any other authority prohibits a double credit. We disagree.

The credit under section 29(a) is $3 times the BOE of "qualified fuels". (Emphasis added.) Section 29(c)(1) provides that three fuels, i.e., oil, gas, and synthetic fuels, may qualify for the credit. Gas qualifies for the credit if it is produced from geopressurized brine, Devonian shale, coal seams, tight formation, or biomass. See sec. 29(c)(1)(B). Section 29 does not create a separate tight formation credit and Devonian shale credit. The definition of BOE in section 29(d)(5) provides a uniform means of calculating the quantity of each qualified fuel produced and sold. S/V produced and sold a total of 32,410 BOE's of qualifying natural gas in the tax years at issue. Of this total, S/V produced and sold 16,927 BOE's of gas from both a tight formation and Devonian shale. Since gas produced from

those sources qualifies under section 29(c)(1), S/V is entitled to claim a credit based on that 16,927 BOE's of natural gas.

A taxpayer may claim a section 29 credit only for nonconventional fuel sold to an unrelated person during the taxable year. See sec. 29(a)(2)(A). This requirement suggests double credits are not allowed because a producer would not sell the same fuel twice. Similarly, section 29(d)(5) defines BOE as an amount of fuel that contains 5.8 million Btu's. This definition implies that double credits are not allowed for a BOE of fuel because the effect would be to give a credit for each 2.9 million Btu's. Petitioner contends that the holding of True Oil Co. v. Commissioner, 170 F.3d 1294 (10th Cir. 1999), affg. Nielson-True Partnership v. Commissioner, 109 T.C. 112 (1997), is contrary to our conclusion. We disagree. True Oil Co. did not involve whether the taxpayer was entitled to a double credit.

Section 29(c)(2)(A) provides that FERC, under NGPA, determines gas production classifications. We held in True Oil Co. v. Commissioner, supra, that FERC (not the taxpayer) must determine gas production classifications. Petitioner contends that our result is inconsistent with the NGPA and True Oil Co. v. Commissioner, supra. We disagree. We do not dispute that FERC determines gas production classification.

Petitioner cites Priv. Ltr. Rul. 86-42-052 (July 21, 1986) for the proposition that the Commissioner has known for many years that gas production can qualify for more than one NGPA classification. The fact that natural gas may qualify under more than one NGPA classification does not entitle S/V to a double credit under section 29.

Petitioner contends that Congress intended to provide multiple incentives for natural gas production. Despite this, we conclude that Congress did not provide double credits under section 29 for the same natural gas.

Petitioner contends that we must liberally construe section 29, citing Miller v. Standard Nut Margarine Co., 284 U.S. 498, 501 (1932). We disagree. The U.S. Supreme Court stated in Standard Nut Margarine Co. that definitions of things subject to be taxed may not be extended beyond their clear import. See id. Section 29 does not define things subject to tax. The denial of double credits under section 29 is consistent with the long-standing judicial preference for interpreting tax statutes, absent a clear declaration of congressional intent, not to allow double credits. See United States v. Skelly Oil Co., 394 U.S. 678 (1969); Charles Ilfeld Co. v. Hernandez, 292 U.S. 62 (1934); United Telecomms, Inc. v. Commissioner, 589 F.2d 1383 (10th Cir. 1978), affg. 67 T.C. 760 (1977) and 65 T.C. 278 (1975).

3. <u>Respondent's Argument</u>

Respondent contends that S/V is entitled to a credit under section 29 equal to the larger of (a) $3 times 32,410 or (b) $3 (indexed) times 16,927. Respondent points out that section 101(b)(5) of the NGPA of 1978 provided that if any natural gas qualified under more than one provision of the NGPA, the provision which allowed the highest price applied. S/V would be entitled to a larger credit if the credit were based on 16,927 times $3 (indexed) than if it were based on 32,410 times $3 (unindexed). Thus, respondent contends that allowing a credit based only on S/V's gas production from Devonian shale is consistent with the NGPA. Respondent offers no explanation for the fact that under that theory S/V would, in effect, be entitled to a credit for only 16,927 BOE's of gas.

We disagree with respondent and conclude that S/V is entitled to a credit for all of the qualified fuel that petitioner produced and sold; i.e., 32,410 BOE's of gas.

4. <u>Whether the $3 Credit for the 16,927 BOE's of Natural Gas S/V Produced From a Tight Formation and Devonian Shale Is Indexed Under Section 29(b)(2)</u>

Section 29(b)(2) indexes the $3 credit for gas produced from Devonian shale, but it does not index the credit for gas produced from a tight formation. Since S/V produced 16,927 BOE's of gas from both a tight formation and Devonian shale, question may

arise whether the $3 should be indexed for that fuel.  The parties did not brief this issue.

The first of respondent's two alternative positions is that S/V qualifies for a credit based on the 16,927 BOE's of gas S/V produced from a source that was both Devonian shale and a tight formation at a rate of $3 (indexed).  It is inherent in that position that respondent accepts that the $3 credit is indexed for gas produced from both a tight formation and Devonian shale. Indeed, respondent has made no argument that the credit should not be indexed for the natural gas S/V produced from Devonian shale even though it was also from a tight formation.  Under these circumstances, we consider respondent to have conceded this issue.  See Askew v. United States, 680 F.2d 1206, 1208 n.2 (8th Cir. 1982); Levin v.  Commissioner, 87 T.C. 698, 722-723 (1986), affd. 832 F.2d 403 (7th Cir. 1987); Zimmerman v. Commissioner, 67 T.C. 94, 104 n.7 (1976).

C.   Conclusion

We hold that petitioner is entitled to a credit of (1) $3 per BOE on 15,483 BOE's of natural gas produced from a tight formation, and (2) $3 (indexed) per BOE on 16,927 BOE's of natural gas produced from both Devonian shale and a tight

formation, for a total of 32,410 BOE's.[3]

To reflect concessions and the foregoing,

<u>Decision will be entered under Rule 155</u>.

Reviewed by the Court.

COHEN, CHABOT, PARR, WELLS, RUWE, WHALEN, BEGHE, CHIECHI, LARO, GALE, THORNTON, and MARVEL, <u>JJ</u>., agree with this majority opinion.

---

[3] In computing its credit for the 16,927 BOE's of gas produced from both Devonian shale and a tight formation, petitioner used the 1995, rather than the 1994, inflation adjustment factor. See sec. 29(d)(2); I.R.S. Notice 96-29, 1996-1 C.B. 377; I.R.S. Notice 95-26, 1995-1 C.B. 305. Accordingly, petitioner overstated its 1994 credit for such gas by $639.

FOLEY, J., dissenting:  The majority misconstrues the unambiguous language of section 29.  See generally United States v. Merriam, 263 U.S. 179, 187 (1923) (stating that tax statutes are not to be extended by implication beyond the clear import of the language used).  Accordingly, I respectfully dissent.

1.  Number of Barrel-of-Oil Equivalents

Section 29(a) allows taxpayers a credit equal to $3 multiplied by "the barrel-of-oil equivalent [BOE] of qualified fuels" sold.  Citing the legislative history, the majority, in essence, contends that a section 29 credit is based on the energy content of the gas produced and sold.  Although the legislative history states that the "credit is $3 for the production of each unit of 5.8 million Btus of energy," H. Conf. Rept. 96-817, at 140 (1980), 1980-3 C.B. 245, 300 (emphasis added), Congress enacted a different computation (i.e., the credit is $3 multiplied by the BOE of qualified fuels), and the legislative history does not take precedence over the statute.

The issue is: What was the BOE of the qualified fuels sold?  During 1993 and 1994, S/V sold approximately 179,000 mcf (i.e., thousand cubic feet) of gas.  The energy produced by this amount of gas is equal to that produced by 32,410 barrels of oil (i.e., 32,410 BOE).  Section 29, however, does not simply provide a credit of $3 per BOE of energy.  The credit is calculated by multiplying $3 by "the barrel-of-oil equivalent of qualified fuels" sold.  Sec. 29(a) (emphasis added).  Pursuant to section

29, the 179,000 mcf of gas sold by S/V is equal to 49,337 BOE of qualified fuels:  32,410 BOE of gas produced from a tight formation and 16,927 BOE of gas produced from Devonian shale. The sale of this gas meets the requirements of two different categories of qualified fuels (i.e., gas produced from a tight formation and gas produced from Devonian shale), and section 29 does not provide that the BOE's of dual qualified gas are counted only once.  While subsections (b) and (e) list limitations relating to the credit, none of these limitations are applicable.

2.   The Inflation Adjustment

All of the gas sold by S/V was derived from rock formations that qualified as both Devonian shale and a tight formation.  The majority holds that a portion of S/V's credit is calculated (i.e., adjusted for inflation) pursuant to the rules applicable to gas produced from Devonian shale.  This holding, however, is contrary to section 29(b)(2), which explicitly provides that "In the case of gas from a tight formation, the $3 amount in subsection (a) shall not be adjusted."  (Emphasis added.)  If the credit is to be based on 32,410 BOE of gas, I agree with Judge Vasquez that S/V is entitled to a credit of only $97,230 (i.e., $3 x 32,410 BOE) rather than the $143,964 allowed by the majority.

The majority sidesteps this issue by "[considering] respondent to have conceded" that the credit should be indexed. This is an inaccurate characterization of respondent's position.

Respondent contends that S/V is entitled to the greater of <u>either</u> a credit based on the rules applicable to gas produced from a tight formation (i.e., $3 x 32,410 BOE) <u>or</u> a credit based on the rules applicable to gas produced from Devonian shale (i.e., $3 (adjusted for inflation) x 16,927 BOE). Indeed, respondent's alternative position[1] is that if 32,410 BOE of S/V's gas qualifies for the credit, the credit is based on the rules applicable to gas produced from a <u>tight formation</u> and, thus, not adjusted for inflation. In addition, why should <u>respondent</u> be considered "to have conceded this issue" when the issue was not briefed by either party? In support of its conclusion, the majority cites cases that are not applicable. In these cases, the courts appropriately concluded that a taxpayer made a concession when the taxpayer failed to address an issue that previously had been raised.[2]

---

[1] In his opening brief, respondent states: "In the pursuit of fairness, respondent allowed S/V Drilling the I.R.C. § 29 credit for Devonian shale gas, since this credit was inflation adjusted and, consequently, greater in amount than the credit provided for tight sands gas."

[2] See <u>Askew v. United States</u>, 680 F.2d 1206, 1208 n.2 (8th Cir. 1982) (stating that taxpayer "apparently concedes this point because he makes no argument on appeal" relating to a fact that the Government had established at trial); <u>Levin v. Commissioner</u>, 87 T.C. 698, 722-723 (1986) (stating that "petitioners have made no argument with respect to the other deductions" disallowed in notices of deficiency), affd. 832 F.2d 403 (7th Cir. 1987); <u>Zimmerman v. Commissioner</u>, 67 T.C. 94, 104 n.7 (1976) (stating that petitioners made an allegation in their petition, but "at trial and on brief they made no argument in this regard and we deem them to have conceded this issue").

In sum, the majority's holding is contrary to section 29(a) and (b)(2), not supported by case law,[3] and premised on a mischaracterization of respondent's position. We "are not at liberty * * * to add to or alter the words employed to effect a purpose which does not appear on the face of the statute." Hanover Bank v. Commissioner, 369 U.S. 672, 687 (1962). Petitioner is entitled to a total credit of $148,011 (i.e., $3 x 49,337 BOE) rather than the $143,964 allowed by the majority.

---

[3] As support for the holding, the majority cites United States v. Skelly Oil Co., 394 U.S. 678 (1969), Charles Ilfeld Co. v. Hernandez, 292 U.S. 62 (1934), and United Telecomms., Inc. v. Commissioner, 589 F.2d 1383 (10th Cir. 1978). These cases, however, are distinguishable because the applicable statutes or regulations prohibited double deductions or credits. See United States v. Skelly Oil Co., supra at 682-683 (reasoning that the applicable sections of the Code and the case law developed under those sections prohibited double deductions); Charles Ilfeld Co. v. Hernandez, supra at 67 (concluding that the regulations prohibited double deductions); United Telecomms., Inc. v. Commissioner, supra at 1387-1388 (concluding that the applicable legislative regulations prohibited double credits); cf. Transco Exploration Co. v. Commissioner, 95 T.C. 373, 387 (1990) (holding that, based on plain language of the statute, the taxpayer was entitled to a double benefit), affd. 949 F.2d 837 (5th Cir. 1992).

VASQUEZ, J., dissenting: I agree with the majority's conclusion that (1) there are 32,410 BOE of natural gas which constitute "qualified fuels" under section 29(c)(1) eligible for the credit--15,483 BOE solely attributable to the tight formation and 16,927 BOE from Devonian shale and the tight formation; and (2) petitioner is entitled to one credit for the 16,927 BOE of natural gas produced from both Devonian shale and the tight formation. I, however, disagree with the majority's holding that (1) respondent has conceded that the credit should be indexed under section 29(b)(2) for the 16,927 BOE of natural gas produced from Devonian shale and the tight formation; and (2) pursuant to the concession, petitioner is entitled to index the credit. Accordingly, I respectfully dissent.

Section 29(b)(2) generally provides for an inflation adjustment to the credit. Within that section, the statute further provides that "In the case of gas from a tight formation, the $3 [credit] amount * * * shall not be adjusted [for inflation]." It is a commonplace of statutory construction that a specific provision will not be controlled or nullified by a general one, particularly when the two provisions are interrelated and closely positioned. See HCSC-Laundry v. United States, 450 U.S. 1, 6, 8 (1981). If gas is derived from a tight formation, the statute specifically does not allow for indexing of the credit. The 16,927 BOE of natural gas were produced, in part, from a tight formation; therefore, petitioner is not entitled to index the credit associated with this natural gas.