T.C. Memo. 2009-190


UNITED STATES TAX COURT


CAT PARTNERS, A TEXAS GENERAL PARTNERSHIP, ELIZABETH POWELL, TAX
MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11572-08.                    Filed August 24, 2009.


G. Tomas Rhodus, for petitioner.

George E. Gasper, for respondent.


MEMORANDUM OPINION


KROUPA, Judge:  This partnership-level matter is before the
Court on petitioner's motion to dismiss for lack of jurisdiction
under the partnership provisions of the Tax Equity and Fiscal
Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402, 96
Stat. 648.  Respondent issued CAT Partners (the partnership) a

notice of final partnership administrative adjustment (FPAA) for 2004. Respondent made several determinations in the FPAA regarding the partnership's interests in property giving rise to tax credits under section 29[1] for the production of fuel from a nonconventional source (nonconventional fuel credits).[2] The sole issue for decision is whether these determinations are partnership items under section 6231(a)(3) that fall within the scope of our jurisdiction in a partnership-level proceeding. We hold that they are. Accordingly, we shall deny petitioner's motion to dismiss for lack of jurisdiction.

### Background

The following information is stated for purposes of this Memorandum Opinion only. This case has yet to be tried on the merits.

This case is one of 50 related cases, each involving a partnership's eligibility for nonconventional fuel credits. Elizabeth Powell is the tax matters partner (TMP) in all 50 cases. Ms. Powell also prepared the partnership's 2004 return.

The partnership allegedly issued a promissory note to Gas Recovery Partners 2 GP (GRP) in 2003 in exchange for rights to

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue, unless otherwise indicated.

[2]The "credit for producing fuel from a nonconventional source" was moved from sec. 29 to sec. 45K by the Energy Policy Act of 2005, Pub. L. 109-58, sec. 1322(a)(1), 119 Stat. 1011 (effective for tax years ending after Dec. 31, 2005).

extract methane gas from landfills (landfill rights).  The partnership reported the landfill rights as assets on the 2003 partnership return.  Similarly, the partnership reported the promissory note as debt.  The partnership also reported its eligibility for nonconventional fuel credits on its 2003 partnership return.  These credits were then distributed to the partnership's individual partners.

The partnership reported neither the landfill rights nor the promissory note on the 2004 partnership return.  In addition, the 2004 partnership return did not indicate that the partnership had distributed the landfill rights to its partners.  Nor did it indicate what had happened to the partnership debt.  Further, the partnership did not report nonconventional fuel credits on the 2004 partnership return or on the K-1s issued to its individual partners.

The partnership sent letters to its individual partners in 2005 stating that it had defaulted on the promissory note to GRP and that, through negotiations with GRP, it had transferred its landfill rights and corresponding liabilities to the individual partners as of January 1, 2004.  The letters further stated that the individual partners owned the landfill rights directly and that GRP would provide a statement identifying each partner's share of tax credits and liabilities for 2004.

Respondent issued the FPAA in response to the partnership's 2004 partnership return.  Respondent determined in the FPAA that the partnership did not own landfill rights or any other rights that would give rise to nonconventional fuel credits in 2004.  Respondent further determined that the partnership did not distribute, assign, or otherwise transfer to its individual partners the landfill rights or any other right that would give rise to nonconventional fuel credits.  The FPAA made no adjustments to items of income, gain, loss, or credit for the partnership's taxable year.

Petitioner timely filed a petition for readjustment of partnership items and then filed a motion to dismiss for lack of jurisdiction.  It is this motion that we address.

## Discussion

Petitioner's motion to dismiss for lack of jurisdiction focuses on whether respondent's determinations in the FPAA relating to the landfill rights and nonconventional fuel credits are partnership items within the scope of our jurisdiction under section 6226(f).  If we find that these determinations are partnership items, then we must deny petitioner's motion.

We begin our analysis with a discussion of our jurisdiction over a TEFRA partnership-level proceeding.  This Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent provided by Congress.  See sec. 7442; GAF

<u>Corp. & Subs. v. Commissioner</u>, 114 T.C. 519, 521 (2000).  Our jurisdiction includes the right to decide whether we have jurisdiction over the subject matter of a case.  See <u>Brookes v. Commissioner</u>, 108 T.C. 1, 4 (1997); <u>Brannon's of Shawnee, Inc. v. Commissioner</u>, 69 T.C. 999, 1002 (1978).

Our jurisdiction over a TEFRA partnership-level proceeding is invoked upon the Commissioner's issuance of a valid FPAA and the proper filing of a petition for readjustment of partnership items for the year or years to which the FPAA relates.  See <u>Harbor Cove Marina Partners Pship. v. Commissioner</u>, 123 T.C. 64, 78 (2004).  An FPAA may be valid for purposes of invoking our jurisdiction where, as here, it made no changes to items of income, gain, loss, or credit on the partnership return.  See <u>id.</u>; <u>Univ. Heights at Hamilton Corp. v. Commissioner</u>, 97 T.C. 278, 282 (1991).  The scope of our jurisdiction in a partnership-level proceedings is limited, however, to determining all partnership items of the partnership for the partnership taxable year to which the FPAA relates, the proper allocation of such items among the partners, and whether a penalty, addition to tax, or additional amount applies that relates to an adjustment to a partnership item.  Sec. 6226(f).  Accordingly, the relevant question is not whether the FPAA makes a change to the partnership return, but whether the determinations that it does make are determinations of partnership items.

Petitioner argues that the determinations in the FPAA are not partnership items because the partnership did not report nonconventional fuel credits on the 2004 partnership return nor on the K-1s it issued to the individual partners. Petitioner further argues that respondent's determinations can be made only by examining the returns and personal circumstances of each individual partner and are substantively equivalent to determinations in an FPAA that adjust a partner's amount at risk under section 465. See Russian Recovery Fund Ltd. v. United States, 81 Fed. Cl. 793 (2008). We disagree.

Partnership items include any item of income, gain, loss, deduction, or credit that subtitle A requires the partnership to take into account for the taxable year, to the extent that regulations provide that the item is more appropriately determined at the partnership level than at the partner level. See sec. 6231(a)(3); see also sec. 301.6231(a)(3)-1(a), Proced. & Admin. Regs. Partnership items include not only the figures reported on a partnership's return but also determinations that may affect nonpartnership items. Petaluma FX Partners, LLC v. Commissioner, 131 T.C. __, __ (2008) (slip op. at 13).

Respondent determined in the FPAA that the partnership did not own landfill rights or any other interests giving rise to nonconventional fuel credits in 2004. Respondent further determined that the partnership did not distribute, assign, or

otherwise transfer such rights to its individual partners in 2004. Finally, respondent determined that the partnership was not entitled to nonconventional fuel credits in 2004.

The partnership did not report the landfill rights as assets on its partnership return for the beginning of 2004, as it had for 2003. Nor did the partnership determine whether a valid property interest existed when it purported to distribute or assign the landfill rights to its partners. Determinations concerning these rights are more appropriately made at the partnership level than the partner level. Partnership records would include documents generated when the partnership purported to purchase the landfill rights from GRP and when the partnership purported to distribute or assign the landfill rights to its individual partners. Accordingly, we conclude that respondent's determination that the partnership did not own landfill rights qualifying for nonconventional fuel credits in 2004 is a partnership item.

The partnership also did not report the purported assignments on the partnership return or on the K-1s issued to the individual partners. The partnership's reporting position is inconsistent with the assignment letters that purport to assign pro rata shares of the asset and corresponding liability to the partners. The partnership contends that it did not report the asset, liability, or assignments on the partnership return

because it assigned the landfill rights and corresponding liabilities to its partners at the beginning of 2004. This does not prevent respondent's determinations from being partnership items.

The character and amount of distributed property are partnership items for any year in which the partnership needs to determine these items for purposes of its books and records, or for purposes of furnishing information to a partner. Sec. 301.6231(a)(3)-1(a)(1)(ii), (c)(3), Proced. & Admin. Regs. In addition, the character and amount of partnership debt and any change in that debt from the proceeding taxable year are partnership items. Sec. 301.6231(a)(3)-1(a)(1)(v), Proced. & Admin. Regs. Further, this Court has determined the timing of a transfer, sale, exchange, abandonment, or other disposition of partnership assets giving rise to energy tax credits in a partnership-level proceeding. See Great Plains Gasification Associates v. Commissioner, T.C. Memo. 2006-276. Accordingly, we conclude that the determinations in the FPAA that the partnership did not transfer, assign, or otherwise distribute landfill rights or other property giving rise to nonconventional fuel credits are partnership items.

Respondent also determined in the FPAA that the partnership was not eligible for nonconventional fuel credits in 2004. The partnership's aggregate and each partner's share of a credit of

the partnership are partnership items.  Sec.
301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.; see <u>S/V</u>
<u>Drilling Partners v. Commissioner</u>, 114 T.C. 83 (2000)
(determining amount of nonconventional fuel credits allowed to
partnership); <u>Nielson-True Pship. v. Commissioner</u>, 109 T.C. 112
(1997) (determining partnership's eligibility for nonconventional
fuel credits), affd. sub. nom. <u>True Oil Co. v. Commissioner</u>, 170
F.3d 1294 (10th Cir. 1999).  We reject petitioner's argument that
this determination is a nonpartnership item because the
partnership did not claim nonconventional fuel credits on its
2004 return.  The facts are available only at the partnership
level to determine whether the partnership is entitled to
nonconventional fuel credits.  Such a determination may be a
partnership item even where it does not result in a change to the
partnership return.

Finally, we reject petitioner's argument that the
determinations at issue are substantively identical to the
determination at issue in <u>Russian Recovery Fund Ltd. v. United</u>
<u>States</u>, <u>supra</u>.  There the Commissioner adjusted a partner's
amount at risk under section 465 in an FPAA.  The court
determined that a partner's amount at risk was a nonpartnership
item and that the FPAA was invalid to the extent that it
purported to adjust a nonpartnership item.  <u>Id.</u> at 801.  The FPAA
here does not adjust the individual partners' eligibility for

nonconventional fuel credits.  Instead, the determinations challenge the existence and transfer of landfill rights and the partnership's eligibility for nonconventional fuel credits. These determinations are more easily made at the partnership level and apply to all of the partners.

We conclude that the determinations at issue are partnership items within the scope of our jurisdiction in a partnership-level proceeding.  Accordingly, we shall deny petitioner's motion to dismiss for lack of jurisdiction.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An order denying petitioner's motion to dismiss for lack of jurisdiction will be issued</u>.