T.C. Memo. 2009-298

UNITED STATES TAX COURT

GEORGE M. & MACKIE FINNEY, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29119-08.                    Filed December 22, 2009.

George M. & Mackie Finney, pro sese.

Daniel N. Price, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined a deficiency of $4,476
in petitioners' Federal income taxes for 2005.  The deficiency
resulted from disallowance of a claimed "FNS [fuel from a
nonconventional source] Credit" under former section 29, now
section 45K.  All section references are to the Internal Revenue
Code.

FINDINGS OF FACT

All of the material facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Texas at the time their petition was filed. Petitioner George M. Finney is retired from the military, and petitioner Mackie Finney is a nurse. Petitioners met Silas Anderson, a tax return preparer, through an acquaintance at their church. Anderson prepared petitioners' tax return for 2005.

On the Form 1040, U.S. Individual Income Tax Return, that Anderson prepared for petitioners, petitioners' tax liability was reduced by a claim of $4,484 on Form 8907, Nonconventional Source Fuel Credit, from a facility allegedly placed in service on December 1, 1996. On a Schedule C, Profit or Loss From Business, alleged receipts of $1,389 and expenses of $1,348 were reported from an "Alternative Energy" business. As a result of the reporting on Schedule C and Form 8907, petitioners claimed a refund of $3,020 from prepayments of $4,215.

The transactions reported on Schedule C and Form 8907 attached to petitioners' 2005 return were fictitious. They arose from petitioners' purported transaction with one or more promoters who purportedly owned landfills that produced alternative fuels, enabling petitioners to claim fuel from a nonconventional source (FNS) tax credits. The promoters

purported to sell petitioners a share of the landfills for a percentage of the expected FNS tax credits.  In fact, the promoters had no ownership interest in the landfills, and alternative fuels within the meaning of former section 29, now section 45K, were not produced.

Anderson received a percentage of the proceeds paid to the promoters of the FNS program.  Mrs. Finney gave Anderson cashier's checks for $3,566 in 2005 and $3,587 in 2006.  There is no explanation in the record for the earlier check.  The latter check was the amount Anderson requested in relation to petitioners' 2005 return.

On April 2, 2009, the U.S. Department of Justice issued a press release announcing the filing of a civil injunction lawsuit against 32 individuals, including Anderson, "seeking to bar them from promoting an alleged tax scam involving bogus income tax credits claimed for sham sales of methane from landfills".

OPINION

Subject to various limitations, former section 29, redesignated section 45K for years ending after December 31, 2005, provided a credit for producing fuel from a nonconventional source.  The credit is based on the fuel produced and attributable to the taxpayer.  Because neither petitioners nor the persons they dealt with had an interest in a fuel-producing source and no fuel was produced, we need not explore the

complexities of the credit provision.  See generally S/V Drilling Partners v. Commissioner, 114 T.C. 83 (2000); Nielson-True Pship. v. Commissioner, 109 T.C. 112 (1997), affd. sub nom. True Oil Co. v. Commissioner, 170 F.3d 1294 (10th Cir. 1999).

Petitioners stipulated that the promoter or promoters that they dealt with did not own landfills and that the landfills that they allegedly invested in did not produce any alternative fuels entitling them to the FNS credit.  By the time of trial, they did not dispute respondent's determination; but they wanted to confront Anderson in Court.

Petitioners and Anderson testified at trial.  Mrs. Finney testified that the checks given to Anderson were for taxes and his services, that she did not intend to go into any business at the time that she delivered the cashier's checks to Anderson, and that she did not sign any papers relating to any business.  Mr. Finney testified that he had formerly prepared tax returns for petitioners, but that Mrs. Finney wanted to use Anderson's services; Mr. Finney claimed that he had not participated in the preparation of the 2005 return.

Anderson testified that he met with both of the Finneys and that they executed all relevant documents for the alleged business activities referred to on the 2005 return and that he was only a "facilitator" who received a small commission on the

amounts paid for the FNS credit.  He testified that the checks were paid over to an entity known as Gas Recovery Partners 2 GP.

Because of the concessions in the stipulation, we do not have to resolve the disputes among the witnesses.  There is no penalty in issue, so we do not decide whether it was reasonable for petitioners to sign the tax return Anderson prepared if they had no knowledge of the alleged alternative energy business reported on Schedule C or did not understand that they were claiming a tax credit in order to secure a refund of prepayments on their taxes.  We do not decide whether they were innocent victims or collaborators in a "tax scam" identified by the Department of Justice.  The stipulated facts establish that they were not entitled to the credit and that the related adjustments in the notice of deficiency are correct.  To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.