T.C. Summary Opinion 2010-105


UNITED STATES TAX COURT


YANG JULIA XIANG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

DARIAVASH PARTOVI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 13151-09S, 13223-09S.    Filed July 29, 2010.


Yang Julia Xiang, pro se.

Dariavash Partovi, pro se.

<u>Audrey M. Morris</u>, for respondent.


    DEAN, <u>Special Trial Judge</u>:  These consolidated cases were
heard pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petitions were filed.  Pursuant
to section 7463(b), the decisions to be entered are not
reviewable by any other court, and this opinion shall not be

treated as precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue.

Respondent determined deficiencies in petitioners' Federal income taxes for 2005 and 2006 as follows:

| Docket No. | 2005 Deficiency | 2006 Deficiency |
|------------|-----------------|-----------------|
| 13151-09S  | $2,094          | $1,116          |
| 13223-09S  | 5,413           | 264             |

The deficiencies resulted solely from respondent's disallowance of claimed credits for the production of fuel from nonconventional sources (FNS tax credit) under former section 29, now section 45K.

### Background

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in Texas at the time their petitions were filed.

Petitioners, who were dating during the years at issue and were later married, sought tax advice together for their 2005 and 2006 returns.

The Federal income tax returns at issue in these cases were prepared by "The Income Tax Office", a tax preparation business owned by Louis and Elizabeth Powell of Carthage, Texas. The Income Tax Office introduced both petitioners to the idea of claiming FNS tax credits. Both petitioners claimed these credits

on their 2005 returns and claimed credit carryforwards from 2005 on their 2006 returns.

On the 2005 and 2006 Forms 1040, U.S. Individual Income Tax Return, that the Income Tax Office prepared for petitioners their tax liabilities were reduced by a claim for FNS tax credits from a facility allegedly placed in service on December 1, 1996.  For 2005 petitioners reported de minimis profits from an "Oil and Gas Extraction" business on Schedules C-EZ, Net Profit From Business. In part because of their claims for FNS tax credits and credit carryforwards, petitioners' 2005 and 2006 returns reflected overpayments.

The transactions reported on Schedules C-EZ for 2005 and the claims for FNS tax credits attached to petitioners' 2005 and 2006 returns were fictitious.  They arose from petitioners' purported transaction with an entity known as Gas Recovery Partners that purportedly owned landfills that produced alternative fuels, enabling petitioners to claim FNS tax credits.  The promoters purported to sell petitioners, through the Income Tax Office, a share of the landfills for a percentage of the expected FNS tax credits.  In fact, the promoters had no ownership interest in any landfill, and no alternative fuels within the meaning of former section 29, now section 45K, were produced.

On April 2, 2009, the U.S. Department of Justice filed a civil injunction lawsuit against 32 individuals, including the

owners of the Income Tax Office, seeking to bar them from promoting an alleged tax scam involving income tax credits claimed for sham sales of methane from landfills.

## Discussion

Subject to various limitations, former section 29, redesignated section 45K for years ending after December 31, 2005, provided a credit for producing fuel from a nonconventional source. The credit is based on the fuel produced and attributable to the taxpayer. Because neither petitioners nor the persons they dealt with had an interest in a fuel-producing source and no fuel was produced, we need not explore the complexities of the credit provision. See generally S/V Drilling Partners v. Commissioner, 114 T.C. 83 (2000); Nielson-True Pship. v. Commissioner, 109 T.C. 112 (1997), affd. sub nom. True Oil Co. v. Commissioner, 170 F.3d 1294 (10th Cir. 1999).

Petitioners testified that the owners of the Income Tax Office showed them legal documentation indicating that the FNS tax credit was a legal tax credit or investment designed to assist taxpayers and tax preparers. They were told that if they invested an initial amount, they would be entitled to 20 percent of the credit that they were to receive from the Internal Revenue Service. At the time petitioners were unaware that the scheme was a sham, but they now admit that they have been victims of a fraudulent scheme. Petitioners further stipulated that the

promoters of the scheme did not own landfills and that the landfills they allegedly invested in did not produce any alternative fuels entitling them to the FNS credits.  By the time of trial they did not dispute respondent's determination.

The Court deplores the fraud perpetrated on petitioners and sympathizes with the situation in which they find themselves. The stipulated facts, however, establish that petitioners are not entitled to the FNS tax credits and that the related adjustments in the notices of deficiency are correct.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>for respondent</u>.